IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GROVER CLEVELAND CLEGG, JR.,<br><br>　　　　Petitioner,<br>　v.<br><br>JEFF PREMO, Superintendent,<br><br>　　　　Respondent. | Case No.: 6:15-cv-02005-JR<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Jolie A. Russo issued a Findings and Recommendation ("F&R") in this case on March 27, 2023, ECF [139], in which she recommended that this Court deny petitioner's Amended Petition for Writ of Habeas Corpus, ECF [31], and enter a judgment dismissing this action and denying a certificate of appealability. Petitioner timely filed objections, to which respondent responded. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). If any party files objections to a magistrate judge's proposed findings and recommendation, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

1

**DISCUSSION**

Petitioner first argues that Judge Russo violated procedural due process by refusing to allow petitioner to supplement his briefings after the Supreme Court decided *Shinn v. Ramirez*, 596 U.S. 366 (2022), yet allowing respondent to file a responsive brief. Petitioner also makes several objections to the F&R: (1) it improperly finds that trial counsel did not provide ineffective assistance of counsel; (2) it improperly finds that petitioner's claims were procedurally defaulted; (3) it improperly finds that there was no cumulative error; (4) it improperly recommends that this Court deny an evidentiary hearing; and (5) it improperly recommends that this Court deny a certificate of appealability. These objections are addressed in turn.

**A.     Procedural Due Process**

Petitioner first objects that Judge Russo violated procedural due process because she "failed to allow further briefing [on *Ramirez*] despite the intervening change of habeas corpus law that occurred after [petitioner] submitted his briefing and after [Judge Russo] had limited [petitioner's] responsive pleadings to those issues that had been identified pre-*Shinn v. Ramirez*." Pet'r Objs. to Magistrate F&R ("Pet'r Objs."), ECF [155], at 6.

Petitioner's characterization is misleading. In April 2022, petitioner filed an unopposed motion and declaration in support of his request for leave to file a responsive pleading to respondent's sur-reply. Judge Russo granted the request but limited petitioner's response to the issues identified in the declaration. Despite this instruction, petitioner addressed an issue that had not been in the declaration, regarding the then-recently issued decision in *Ramirez*. "In light of *Shinn v. Ramirez*," petitioner "explicitly incorporate[d] paragraphs 9–46 of [the declaration] as part of his legal arguments supporting: (1) cause and prejudice to excuse his procedural default of his claim for ineffective assistance of counsel for moving to join and (2) the underlying claim itself." Resp. to Resp't Sur-Reply, ECF [131], at 9-10. In the alternative, petitioner requested permission to submit a pleading that "explicitly incorporate[d] . . . legal arguments and authorities as part of his briefings on this case" that were incorporated by reference from the declaration. *Id.* 11. Petitioner further argued that under *Ramirez*, "principles of equity and fairness prevent respondent

2

from introducing new evidence . . . [t]herefore, respondent's [declaration in support of his response] must be struck." *Id.*

Respondent sought leave to respond to petitioner's *Ramirez* arguments, which Judge Russo granted. Accordingly, respondent filed a response addressing only petitioner's *Ramirez* arguments. Petitioner then sought leave to file a reply to respondent's *Ramirez* response, which Judge Russo denied. However, in the F&R, Judge Russo deemed the contents of petitioner's declaration incorporated to the extent that they contained "applicable legal standards," but not "matters of personal experience or opinion." F&R, ECF [139], at 27 n.7.

Both parties had an opportunity to brief the *Ramirez* decision. It was not a violation of procedural due process to deny petitioner additional briefing after each side had already addressed the issue. Even if the Court had allowed additional briefing, the Court could not consider matters of personal experience or opinion because they were not evidence before the state courts. Accordingly, the F&R properly excluded consideration of evidence that was not before the state courts, reviewed petitioner's claim of ineffective assistance of counsel for moving for joinder, and determined that petitioner had not established cause or prejudice to excuse procedural default.

B.     **Ineffective Assistance of Counsel**

Petitioner objects to the finding that trial counsel was not ineffective in failing to request a limiting instruction regarding Kendra Hughes's testimony or in failing to object to George Carlson's testimony. Petitioner also objects to the finding that the post-conviction relief ("PCR") court's decision denying relief on these claims is entitled to deference. Respondent argues that the F&R correctly afforded deference to the PCR court's decision.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision unreasonably applies clearly established federal

3

law when it "(1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009). The federal habeas court must defer to state court factual findings "unless a defect in the process is so apparent that 'any appellate court . . . would be unreasonable in holding that the state court's factfinding process was adequate.'" *Id.* (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)). The petitioner has the burden of showing that the state court decision is objectively unreasonable. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

To establish an ineffective assistance of counsel claim, a petitioner must show that a counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* at 687-88. In evaluating a counsel's performance, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Deficient performance prejudices the defense if a counsel's errors "actually had an adverse effect on the defense" or "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693-94.

1. *Failure to Request a Limiting Instruction Regarding Hughes's Testimony*

Petitioner argues that the PCR court's denial of the claim of ineffective assistance for counsel's failure to request a limiting instruction was not supported by a plain reading of the state court decision on the admissibility of Hughes's testimony or by the factual record. However, petitioner fails to show that the PCR court's decision involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of facts. Although the PCR court appears to have misstated

4

the Oregon Supreme Court's holding regarding the admissibility of Hughes's testimony,[1] it properly considered both prongs of the *Strickland* test and concluded that petitioner had not established either prong. F&R 16.

Petitioner cites *Musladin v. Lamarque*, 555 F.3d 830 (9th Cir. 2009), to support his argument that trial counsel's performance fell below an objective standard of reasonableness. In *Musladin*, the defendant was convicted of murdering his estranged wife's fiancé. *Id.* at 833-34. The wife's brother testified at trial that the defendant's son had told him that the defendant had a gun and was going to shoot the decedent with it, and this hearsay evidence was admitted. *Id.* at 845. The defendant's trial counsel did not request a limiting instruction that the jury could not consider the statement for its truth. *Id.* Subsequently, "during closing arguments, the prosecutor pointed to [the] statements as uncontroverted evidence of premeditation. . . . [T]he jury was invited to draw the precise inference—that [the] statement was true—that a limiting instruction would have prohibited." *Id.* at 846. The state argued that trial counsel employed a reasonable trial strategy by not requesting the limiting instruction because counsel did not want to draw the jury's attention to the damaging statement. *Id.* The court held that because "the prosecutor drew the jury's attention to the damaging statement and invited them to draw the precise inference that a limiting instruction would have forbidden, [defendant's] trial counsel's failure to request a limiting instruction 'fell below an objective standard of reasonableness.'" *Id.* at 846-47 (citation omitted).

Similarly, here, Hughes's hearsay testimony was admitted over trial counsel's objections, and counsel did not request a limiting instruction. In closing arguments, the prosecution drew the jury's attention to the testimony and invited the jury to infer that petitioner placed the phone call to ensure that the victim remained at her desk, "where [petitioner's codefendants] had been told she was going to be," to

---

[1] The PCR court understood *State v. Clegg* to hold that "the prosecution was entitled to use Hughes's testimony and no limiting instruction was required" and appears to have relied on this understanding in finding that "[t]he evidence does not establish that trial counsel was ineffective or inadequate in not seeking a limiting instruction . . . ." Findings of Fact & Conclusions of L., Ex. 182 (Corrected) ("PCR Findings of Fact & Conclusions of L."), ECF [75-1], at 7-8. In fact, the Oregon Supreme Court held that Hughes's testimony was admissible as relevant state-of-mind evidence and that because defendant did not request a limiting instruction, the state could use that testimony to prove defendant's participation in the murder-for-hire scheme. *State v. Clegg*, 332 Or. 432, 442-43, 31 P.3d 408 (2001).

ensure the success of the murder scheme. Tr. of State Ct. Proceedings, ECF [25-3], at 42-44. However, unlike in *Musladin*, where the witness's statement was the primary evidence of premeditation, here, Hughes's testimony regarding petitioner's phone call with the victim was innocuous on its own. As the state argued on appeal, it was only if the state's other evidence convinced the jury that petitioner had solicited another person to cause the victim's death that the jury would have attributed some criminal intent to the phone call. Accordingly, the Court is not persuaded that trial counsel's performance in not requesting a limiting instruction fell below an objective standard of reasonableness.

Even assuming that trial counsel's performance was deficient in not requesting a limiting instruction, petitioner fails to establish prejudice. Even if the trial court had given a limiting instruction regarding Hughes's testimony, other evidence reflected that: petitioner repeatedly expressed a desire to see the victim dead; the victim was contemplating divorce and petitioner wanted to avoid the financial disadvantages that would create; at petitioner's behest, petitioner's brother Randall made arrangements for the victim's murder; the night before the murder, petitioner, Randall Clegg, and Larry Matthews examined a silver gun together at petitioner's house; Matthews shot the victim with a silver handgun; and petitioner's subsequent behavior—including contacting his life insurance provider the same day and showing minimal sorrow or interest in finding the murderer—suggested that the murder had not surprised or upset him. Petitioner fails to establish a reasonable probability that, but for the lack of a limiting instruction regarding Hughes's testimony, the result would have been different.

For the foregoing reasons, the Court adopts Judge Russo's finding that the PCR court's denial of relief on this claim was entitled to deference.

2. *Failure to Object to Carlson's Testimony*

Petitioner also fails to establish that the PCR court's denial of the claim of ineffective assistance for failure to object to Carlson's testimony involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of facts. The PCR court's decision properly applied *Strickland* to this claim and held that petitioner had not established either prong. Moreover, even assuming that an objection would have resulted in exclusion of Carlson's testimony, other

6

evidence in the factual record amply established petitioner's connection to the crime. Accordingly, the Court adopts Judge Russo's finding that the PCR court's denial of relief on this claim was entitled to deference.

C.      **Procedural Default**

Petitioner objects to the findings that his remaining claims were procedurally defaulted, including his Confrontation Clause claims and his claim of ineffective assistance of counsel for moving to join petitioner's case with his co-defendants'.

Generally, when a petitioner brings a claim before a federal habeas court that he did not raise before the appropriate state courts, that claim is procedurally defaulted. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004). If a claim is procedurally defaulted, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for failure to present the constitutional issue to the state court or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the petitioner can satisfy the "cause and prejudice" standard with respect to the ineffective assistance claim itself. *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000). Where state law does not permit a defendant to raise ineffective assistance of counsel on direct appeal,[2] and a petitioner's failure to raise ineffective assistance of trial counsel during his PCR proceeding was the result of ineffective assistance of PCR counsel, a petitioner may establish cause and prejudice to excuse a procedural default of an ineffective assistance of trial counsel claim by demonstrating that PCR counsel was ineffective under the standards of *Strickland* and that the underlying ineffective assistance claim has some merit. *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (citing *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)).

---

[2] Oregon law does not permit defendants to bring ineffective assistance of counsel claims on direct appeal. *State v. Robinson*, 25 Or. App. 675, 675, 550 P.2d 758 (1976).

7

1.   *Confrontation Clause Claims*

   a.   Admission of Carlson's Testimony

As previously explained, petitioner is not entitled to habeas relief on the claim of ineffective assistance of trial counsel for failure to object to Carlson's testimony. Petitioner now objects that the admission of Carlson's testimony violates the Confrontation Clause under *Bruton*. This claim is procedurally defaulted because it was never raised in the state courts. Moreover, petitioner fails to establish cause and prejudice to excuse the procedural default.

Petitioner argues ineffective assistance of trial counsel as cause, asserting that "it was the duty of defense to object to any and all *Bruton*-type evidence," and that trial counsel's failure to object to the introduction of Carlson's testimony, despite objecting to other hearsay statements by Steward, constituted deficient performance. Pet'r Objs. 13.

Petitioner is mistaken. Under *Bruton*, a defendant is deprived of their rights under the Confrontation Clause when the facially incriminating confession of a non-testifying codefendant is introduced at their joint trial, even if the jury is instructed to only consider that confession against the codefendant. *Bruton v. United States*, 391 U.S. 123, 137 (1968); *Richardson v. Marsh*, 481 U.S. 200, 207 (1987). However, *Bruton* did not involve "any recognized exception to the hearsay rule." *Dutton v. Evans*, 400 U.S. 74, 86 (1970). Under the law in effect at the time of petitioner's trial, the Confrontation Clause did not bar admission of an unavailable declarant's statement against a defendant if that statement bore adequate "indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 66 (1980), *overruled by Crawford v. Washington*, 541 U.S. 36 (2004). Evidence that fell within a firmly rooted hearsay exception was deemed sufficiently reliable for Confrontation Clause purposes. *Id*. The Supreme Court subsequently limited *Bruton* to apply only to out-of-court testimonial statements made by a non-testifying codefendant. *Crawford*, 541 U.S. at 51-52; *Lucero v. Holland*, 902 F.3d 979, 988 (9th Cir. 2018).

Here, Reschard Steward had told Carlson, his former high school football coach, that Matthews had committed the shooting, petitioner had initiated the shooting over insurance money, and Randall Clegg had acted as the go-between. Although Steward did not testify at the joint trial, Carlson did.

8

The trial court admitted Steward's statements as introduced through Carlson's testimony as statements against penal interest and under the conspiracy exception of Oregon's evidence rules. The PCR court also concluded that these statements were admissible as a matter of state law, and as Judge Russo properly noted, that determination is binding on this Court. Under the law in effect at the time of petitioner's trial, the admission of Steward's statements as introduced through Carlson's testimony would not have violated the Confrontation Clause because the statements fell under firmly rooted hearsay exceptions and were thus sufficiently reliable. Under the law now, the admission of Steward's statements as introduced through Carlson's testimony does not violate the Confrontation Clause because those statements were not testimonial. Accordingly, petitioner does not show that trial counsel's failure to object to these statements on *Bruton* grounds fell under an objective standard of reasonableness.

Petitioner argues that the admission of this evidence was prejudicial because without Carlson's testimony, there was no corroborating evidence tying petitioner to the murder. However, as described above, other evidence introduced at trial established petitioner's participation in the crime. Petitioner fails to demonstrate a reasonable probability that, but for the lack of an objection to Carlson's testimony on *Bruton* grounds, the result would have been different.

          b.        Admission of Steward and Randall Clegg's Hearsay Statements

Petitioner objects to the findings that his Confrontation Clause claim relating to the admission of Steward and Randall Clegg's hearsay statements was procedurally defaulted and that *Martinez* did not excuse the default. Petitioner asserts as cause only that "[t]he ineffective assistance of [petitioner's] PCR appellate attorney resulted in the failure to raise these claims before the Oregon Supreme Court" and "[t]here was no strategic reason for this failure." Pet'r Objs. 17.

Upon review, the Court agrees with Judge Russo's findings that petitioner's Confrontation Clause claim is procedurally defaulted and that petitioner has not established cause and prejudice excusing procedural default. Petitioner did not fairly present this claim in state court. Moreover, petitioner fails to demonstrate that his PCR counsel was ineffective or that his underlying claim of ineffective assistance of counsel is substantial.

9

2.   *Claim for Ineffective Assistance of Trial Counsel in Moving for Joinder*

Petitioner objects to the findings that his claim that trial counsel was ineffective in moving to join was procedurally defaulted and that *Martinez* did not excuse the default. Petitioner objects that "no 'reasonable attorney could believe that, given the close relationship between the three cases, they would almost certainly have been joined for trial.'" *Id.* Petitioner further asserts that it was "objectively unreasonable for PCR counsel to fail to raise this claim." *Id.* 18.

Upon review, the Court agrees with Judge Russo's findings that this ineffective assistance of counsel claim was procedurally defaulted and that petitioner did not satisfy either of the *Martinez* requirements. Petitioner never raised this claim in state court. Moreover, as Judge Russo details, the record demonstrates that at the time trial counsel moved to join the cases, it was an informed, strategic decision. Petitioner fails to show that his PCR counsel was ineffective in failing to raise this claim or that his underlying claim of ineffective assistance of trial counsel is substantial.

3.   *Remaining Claims*

Petitioner objects to the findings that he procedurally defaulted his remaining claims and that his procedural defaults could not be excused. Petitioner argues that Judge Russo erred in "assum[ing] that because petitioner did not directly challenge respondent's argument that the remaining claims were procedurally defaulted, 'petitioner has failed to sustain his burden of demonstrating entitlement to habeas relief on these claims.'" Pet'r Objs. 21 (citing F&R 41). Petitioner is mistaken. As Judge Russo properly found, petitioner has the burden of establishing entitlement to habeas relief and has failed to do so.

**D.     Cumulative Error**

Petitioner objects to the finding that there was no cumulative error. For the reasons described above, the Court agrees with Judge Russo's finding that petitioner's claims do not meet the threshold for cumulative error.

**E.     Request for Evidentiary Hearing**

Petitioner objects to Judge Russo's recommendation that this Court deny the request for an evidentiary hearing. Petitioner argues that "[t]his Court should conduct an evidentiary hearing on

10

[petitioner's] Sixth Amendment Ineffective Assistance of Counsel Claims and Actual Innocence Claims, including his actual innocence/miscarriage of justice argument to excuse any failures of his PCR counsel." Pet'r Objs. 22.  However, as Judge Russo properly found, petitioner does not indicate what more beyond the written record would be offered at such a hearing or how it would entitle him to habeas relief. Accordingly, the Court denies petitioner's request for an evidentiary hearing.

F.      **Certificate of Appealability**

Finally, petitioner objects to Judge Russo's recommendation that this Court decline to issue a Certificate of Appealability ("COA").  A COA should be issued when "jurists of reason would find it debatable whether the underlying . . . petition states a valid claim of the denial of a constitutional right." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 584 (2023); *see Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").  The petitioner must show that "'the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further.'"  *Martinez*, 33 F.4th at 1261 (quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)) (emphasis in original).

Jurists of reason would not find debatable the Court's findings that petitioner was not denied procedural due process, did not sustain his burden on his fully exhausted claims, and did not overcome the procedural default of his remaining claims.  Accordingly, the Court declines to issue a COA.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF [139], in full. Petitioner's Amended Petition for Habeas Corpus, ECF [31], is DENIED, and this case is DISMISSED with prejudice. The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 24th day of September, 2024.

_____
Adrienne Nelson
United States District Judge